[No. 19858.   Department One.   June 24, 1926.]

C. R. HALL, *Appellant*, v. PUGET SOUND NATIONAL BANK OF TACOMA, *Respondent*.[1]

[1] APPEAL (263)—STATEMENT OF FACTS—NECESSITY—INCORPORAT-
ING EVIDENCE. The denial of a claim, after a hearing on the merits at which evidence was introduced, cannot be reviewed on appeal, in the absence of a bill of exceptions or statement of facts bringing up the evidence.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 15, 1925, upon an order disallowing a creditor's claim under an assignment for the benefit of creditors after a trial on the merits to the court. Affirmed.

*Newman H. Clark*, for appellant.

*Guy E. Kelly* and *Thomas MacMahon*, for respondent.

FULLERTON, J.—For some time prior to August 23, 1921, S. J. Pritchard, C. H. Graves and Emily H. Graves, as co-partners, were conducting a sawmill business at the city of Tacoma, under the name and style of the P. & G. Lumber Co., and a logging business in Mason county, under the name and style of the Oakland Bay Logging Company. On the day named, the copartnership made an assignment for the benefit of

'Reported in 247 Pac. 461.

its creditors to the Puget Sound Bank & Trust Company of Tacoma.

Among the claims listed with the assignee, and afterwards presented to it as a claim against the partnership, was a note for $2,362.92, made by the P. & G. Lumber Company and payable to the order of Emily H. Graves, and assigned by her to C. R. Hall. The claim was at first recognized by the assignee as a valid claim against the copartnership, and two dividends were paid thereon aggregating fifty-five per cent of the total of the claim.

Shortly after this time, certain of the creditors of the partnership, being dissatisfied with the management of the trust by the assignee, brought an action in the superior court of Pierce county against the assignee, praying for an accounting. This action was duly heard; the court concluding after the hearing that there had been no mismanagement. It, however, entered an order directing the assignee to make up a new list of creditors; this, because the assignee had treated the businesses as separate entities, thus causing the creditors to share unequally in the assets of the partnership; the purpose of the order was to place the creditors on an equality..

In the new listing, the claim of Hall on the promissory note was included. Subsequently, however, when a further dividend became payable, the assignee ignored the claim based upon the note. Hall thereupon cited the assignee to appear in the superior court and show cause why his claim should not be recognized as a claim against the partnership. A hearing was had pursuant to the citation, at the conclusion of which the court entered an order affirming the action of the assignee and directing that the claim be disallowed. The appeal before us is from this order of the court.

[1]   The foregoing facts we have gathered from the transcript brought to this court. There is no statement of facts. Based on this latter fact, the respondent contends that there can be no review of the merits of the order. The appellant answers that there was no evidence introduced at the hearing other than the records appearing in the transcript. But we are constrained to take the view of the respondent. Aside from the fact that certain of the records included in the transcript could hardly be brought to this court other than by a statement of facts, the court's order itself shows that certain evidence in the form of letters was introduced at the hearing, which does not appear in the transcript. More than this, there are exhibits attached to the transcript which purport on their face to have been introduced in evidence at the hearing. These clearly can be brought before us only by a statement of facts.

On the face of the record properly reviewable, we find no error in the order from which the appeal is taken. It will, therefore, stand affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and BRIDGES, JJ., concur.